UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 DEC 28 PM 2: 01

BY _____
DEPUTY CLERK

| | |
|---|---|
| **Bankers Standard Insurance Company** : | |
| 436 Walnut Street : | |
| Philadelphia, PA 19106 : | |
|     Plaintiff : | |
| : | |
| : | |
| v. : | |
| : | |
| **Steven M. Brown Construction Co., Inc.** : | Case No. 2:20 cv 223 |
| 10 Harris Avenue : | |
| Brattleboro, VT 05301 : | **Jury Trial Demanded** |
| : | |
| -and- : | |
| : | |
| **Dayco, Inc.** : | |
| 101 Commerce Peak : | |
| Sharon, VT 05065 : | |
| : | |
| -and- : | |
| : | |
| **Friends of the Sun, Ltd.** : | |
| 532 Putney Road – Suite 101 : | |
| Brattleboro, VT 05301 : | |
|     Defendants : | |

## COMPLAINT

Plaintiff, Bankers Standard Insurance Company, as subrogee of Mark A. Williams, for its

Complaint against Defendants, Steven M. Brown Construction Co., Inc., Dayco, Inc., and Friends

of the Sun, Ltd., avers as follows:

## PARTIES

1.    Plaintiff, Bankers Standard Insurance Company, as subrogee of Mark A. Williams,

is a corporation, organized and existing under the laws of the Commonwealth of Pennsylvania,

with its principal place of business at 436 Walnut Street, Philadelphia, PA 19106.

2.    At all times material hereto, Plaintiff was authorized to issue policies of insurance

in the State of Vermont.

3. Defendant Steven M. Brown Construction Co., Inc. ("Brown") is a corporation, organized and previously existing under the laws of the State of Vermont, with its principal place of business at 10 Harris Avenue, Brattleboro, VT 05301.

4. Defendant Dayco, Inc. ("Dayco") is a corporation, organized and existing under the laws of the State of Vermont, with its principal place of business at 101 Commerce Park, Sharon, VT 05065.

5. Defendant Friends of the Sun, Ltd. ("Friends of the Sun") is a corporation, organized and existing under the laws of the State of Vermont, with its principal place of business at 532 Putney Road, Suite 101, Brattleboro, VT 05301.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the amount in controversy exceeds $75,000, exclusive of the interest and costs of this action.

7. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claim occurred in this District.

## FACTUAL ALLEGATIONS

8. At all times material hereto, Plaintiff's insured owned the real and personal property located at 32 Steep Hill Road, Wilmington, VT 05363 ("Subject Property").

9. At all times material hereto, Plaintiff insured the Subject Property and personal property therein pursuant to policy number 500001096 ("Policy").

10. In or about 2008, Defendant Brown constructed an addition to the Subject Property.

11. As part of the addition to the Subject Property, a wood burning stove was installed in the Subject Property and a chimney was constructed to vent the wood burning stove.

12.     The chimney consisted, in part, of a metal chimney pipe enclosed in a wooden chimney chase.

13.     As part of the addition to the Subject Property, Defendant Dayco installed insulation in the Subject Property, including in the area of the Subject Property's chimney.

14.     In or about 2010, Defendant Friends of the Sun performed repair work on the Subject Property's chimney.

15.     In or about October, 2019, Defendant Friends of the Sun cleaned the Subject Property's chimney.

16.     On April 27, 2020, there was a fire at the Subject Property.

17.     The April 27 fire was caused by heat from the Subject Property's chimney igniting combustible materials that were too close to the Subject Property's chimney.

18.     Plaintiff's insured submitted a claim to Plaintiff for the damage caused by the Fire.

19.     Pursuant to the terms of the Policy, Plaintiff paid its insured $1,017,428.21 for the damage caused by the Fire.

20.     In accordance with the terms of the Policy, as well as the common law principles of legal and equitable subrogation, Plaintiff, by virtue of and to the extent of its payments, is subrogated to its insureds' rights.

## COUNT I – NEGLIGENCE
## AGAINST DEFENDANT STEVEN M. BROWN CONSTRUCTION CO., INC.

21.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

22.     Defendant Brown had a duty to use due care while performing work at the Subject Property.

23.     Defendant Brown breached its duty to use due care while performing work at the Subject Property.

24. The Fire and resultant damage to the Subject Property were the direct and proximate result of the negligence, carelessness, recklessness, and/or negligent acts and omissions of Defendant Brown and/or Defendant Brown's agents as follows:

      A. Improperly constructing the Subject Property's chimney;

      B. Improperly installing the Subject Property's chimney pipe;

      C. Failing to maintain adequate clearance between the Subject Property's chimney and combustible materials;

      D. Allowing heat from the Subject Property's chimney to ignite combustible materials;

      E. Constructing the Subject Property's chimney in violation of the Vermont Building Code;

      F. Failing to properly supervise and/or coordinate the construction of the Subject Property's chimney; and

      G. Failing to properly train and/or supervise its employees in the construction of the Subject Property's chimney.

25. As the direct and proximate result of these negligent, careless, and/or reckless acts and/or omissions, Plaintiff's insured suffered damage.

WHEREFORE, Plaintiff demands judgment against Defendant Brown in the amount of $1,017,428.21, together with interest, the costs of this action, and such other relief as deemed just and proper under the law.

## COUNT II – NEGLIGENCE
## AGAINST DEFENDANT DAYCO, INC.

26. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

27. Defendant Dayco had a duty to use due care while performing work at the Subject Property.

28. Defendant Dayco breached its duty to use due care while performing work at the Subject Property.

29.     The Fire and resultant damage to the Subject Property were the direct and proximate result of the negligence, carelessness, recklessness, and/or negligent acts and omissions of Defendant Dayco and/or Defendant Dayco's agents as follows:

      A.     Improperly installing insulation in the Subject Property;

      B.     Installing insulation too close to the Subject Property's chimney;

      C.     Failing to maintain adequate clearance between the Subject Property's chimney and combustible materials;

      D.     Allowing heat from the Subject Property's chimney to ignite combustible materials; and

      E.     Failing to properly train and/or supervise its employees in the installation of insulation.

30.     As the direct and proximate result of these negligent, careless, and/or reckless acts and/or omissions, Plaintiff's insured suffered damage.

WHEREFORE, Plaintiff demands judgment against Defendant Dayco in the amount of $1,017,428.21, together with interest, the costs of this action, and such other relief as deemed just and proper under the law.

## COUNT III – BREACH OF CONTRACT
## AGAINST DEFENDANT DAYCO, INC.

31.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

32.     Defendant Dayco had a contract with Plaintiff's insured for Defendant Dayco's 2008 work at the Subject Property.

33.     On information and belief, Defendant Dayco's contract with Plaintiff's insured obligated Defendant Dayco to perform its work in a way that did not create an unreasonable risk of fire damage to the Subject Property.

34.     Defendant Dayco breached its obligation to perform its work in a way that did not create an unreasonable risk of fire damage to the Subject Property.

35.     Defendant Dayco's breach of contract caused the Fire and resulting damage to the Subject Property.

WHEREFORE, Plaintiff demands judgment against Defendant Dayco in the amount of $1,017,428.21, together with interest, the costs of this action, and such other relief as deemed just and proper under the law.

## COUNT IV – NEGLIGENCE
## AGAINST DEFENDANT FRIENDS OF THE SUN, LTD.

36.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37.     Defendant Friends of the Sun had a duty to use due care while performing work at the Subject Property.

38.     Defendant Friends of the Sun breached its duty to use due care while performing work at the Subject Property.

39.     The Fire and resultant damage to the Subject Property were the direct and proximate result of the negligence, carelessness, recklessness, and/or negligent acts and omissions of Defendant Friends of the Sun and/or Defendant Friends of the Sun's agents as follows:

   A.     Failing to properly inspect the Subject Property's chimney;

   B.     Failing to properly repair the Subject Property's chimney;

   C.     Allowing the Subject Property's chimney to exist in a dangerous condition;

   D.     Leaving the Subject Property's chimney in operation with inadequate clearance to combustible materials;

   E.     Failing to detect a dangerous condition in the Subject Property's chimney; and

   F.     Failing to properly train and/or supervise its employees in inspection and/or repair of the Subject Property's chimney.

40.     As the direct and proximate result of these negligent, careless, and/or reckless acts and/or omissions, Plaintiff's insured suffered damage.

WHEREFORE, Plaintiff demands judgment against Defendant Friends of the Sun in the amount of $1,017,428.21, together with interest, the costs of this action, and such other relief as deemed just and proper under the law.

## COUNT V – BREACH OF CONTRACT
## AGAINST DEFENDANT FRIENDS OF THE SUN, LTD.

41.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

42.     On information and belief, Defendant Friends of the Sun had a contract with Plaintiff's insured for Defendant Friends of the Sun's work at the Subject Property.

43.     On information and belief, Defendant Friends of the Sun's contract with Plaintiff's insured obligated Defendant Friends of the Sun to perform its work in a way that did not create an unreasonable risk of fire damage to the Subject Property.

44.     Defendant Friends of the Sun breached his obligation to perform its work in a way that did not create an unreasonable risk of fire damage to the Subject Property.

45.     Defendant Friends of the Sun's breach of contract caused the Fire and resulting damage to the Subject Property.

WHEREFORE, Plaintiff demands judgment against Defendant Friends of the Sun in the amount of $1,017,428.21, together with interest, the costs of this action, and such other relief as deemed just and proper under the law.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury against all Defendants on all counts.

Respectfully submitted,

December 28, 2020
Dated

Carey C. Rose, Esq.
Rose Law Firm
8 Essex Way, Suite 104 A
Essex Junction, VT 05452
Phone (802)764-3020

Fax 1-844-476-7352
Email: carey@roselawvermont.com
*Attorney for Plaintiff, Bankers Standard
Insurance Company*

*Of Counsel:*

Christopher H. Boyle, Esq.
Co-Counsel for Plaintiff
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
P: 215-665-2068 F: 215-253-6778
E: CHBoyle@cozen.com